BRACHER v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

(Supreme Court, Appellate Division, First Department.    April 7, 1905.)

LIFE INSURANCE—DEDUCTION OF UNPAID PREMIUMS—PREMIUMS PAYABLE SEMIANNUALLY.

A "privilege and condition" on the back of a life policy, providing that, if premiums are paid in semiannual installments, any installment which, at the maturity of the contract, is necessary to complete the full year's premium, shall be deducted from the amount of the claim, which is declared by the policy to form a part of the contract, applies only to those policies which on their face reserve an annual premium, and has no application to a policy which expressly grants the assurance in consideration of the payment of semiannual premiums.

Patterson and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Evalina Bracher against the Equitable Life Assurance Society of the United States. From a judgment for plaintiff (86 N. Y. Supp. 557), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Raphael J. Moses, for appellant.
Charles W. Pierson, for respondent.

INGRAHAM, J.   The action was upon a policy of insurance upon the life of George S. Bracher, payable to the plaintiff. The only question presented is whether the defendant is entitled to deduct from the amount due upon the death of the assured the sum of $388.90 as the premium for the balance of the year after the death of the assured. The policy was issued on August 10, 1898, and by it the defendant agreed to pay, upon the receipt of satisfactory proof of the death of the assured, the sum of $10,000 to the plaintiff. The policy provided:

"This assurance is granted in consideration of the written and printed application for this policy, which is hereby made a part of this contract; and of the payment in advance of three hundred and eighty-three 90/100 dollars, and of the payment of three hundred and eighty-three 90/100 dollars on or before the ninth day of February and August in every year thereafter during the lifetime of the assured."

92 N.Y.S.—70

On the 9th of August, 1902, the assured paid to the company $383.90, which was the payment provided for by the policy. The assured died on the 16th day of November, 1902, when, under this provision of the policy, the sum of $10,000 became payable to the plaintiff. The defendant, however, deducted from that amount the sum of $383.90, paying the plaintiff the sum of $9,861.45, basing its right to make such deduction upon a condition that appeared upon the back of the policy. Upon the face of the policy, after the agreement to pay the plaintiff the sum of $10,000 upon the death of the assured in consideration of the payment by the assured of the sum of $383.90 on or before the 9th day of February and August in every year thereafter during the life of the assured, there is this clause:

"The loans, surrender values, bonus guarantee, options, privileges and conditions stated on the second and third pages hereof form a part of this contract as fully as if recited at length over the signatures hereto affixed."

Upon the third page of the policy there is a heading, "Privileges and Conditions." Under these words there are nine clauses, one of which provides for the payment of premiums, and then continues:

"Although the contract is based on the receipt of premiums annually in advance, the premium may be made payable in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year's premium, shall be deducted from the amount of the claim."

The learned trial court held that under this clause the defendant was entitled to deduct the semiannual premium that became due on the 9th of February, 1903, almost three months after the death of the assured, and from the judgment entered thereon the plaintiff appeals.

In the policy itself there is nothing said about annual or semiannual premiums. The contract is one by which the defendant agrees to pay to the plaintiff $10,000 upon satisfactory proof of the death of the assured, and the instrument then recites that this assurance is granted in consideration of the payment of the sum of $383.90 on or before the 9th day of February and August in every year. The defendant fixed the amount that it would require to be paid at each of these periods to assure to the plaintiff the sum that it agreed to pay upon the death of the assured, and in consideration of these payments being made they agreed to pay to the plaintiff the sum of $10,000, and the amount that it was to receive was inserted in writing, the other clause being the printed conditions annexed to the policy. The express obligation being to pay $10,000, and not $9,861.45, to justify the defendant in thus refusing to comply with the express terms of its agreement, the provision must be one which clearly authorized it to modify or limit the agreement that it had made. Now, this is a printed condition annexed to the policy. It says that, although the consideration is based on the receipt of premiums annually in advance, the premium may be made payable semiannually or in quarterly installments in advance. Does that apply to a policy which, upon its face, contains no provision for an annual premium, or any premium payable in advance except the first? Any one reading these two clauses of the policy together

might be justified in concluding ·that this clause related only to a policy which provided for an annual premium payable in advance, and was inserted for the benefit of the policy holder, so that he would have the privilege of paying the premium either semiannually or quarterly, but that in such case the company would be entitled to deduct the premium for the year that was unpaid if a loss occurred before the other portion of the yearly premium had been paid. An agreement to pay the sum of $10,000 on the happening of a contingency, named in consideration of the payment of a certain sum of money every six months is materially changed by a condition which relieves the obligor from paying all of that sum .if the contingency upon which the amount is payable happens at one period of the year rather than at another; and to thus modify a contract by a condition printed on another page, the modification, I think, must be explicit and clear. Full effect, I think, can be given to this clause by holding that it applies to a policy in which an annual premium is reserved, and that it does not apply to a policy wherein the defendant expressly agrees that it will, in consideration of the payments thereafter to be made at fixed periods, pay upon the death of the assured the sum of $10,000.

I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except PATTERSON and LAUGHLIN, JJ., who dissent.